RICHARD L. HOLMES, Retired Appellate Judge.
This is a child custody case.
Renea LouAllen (mother) and Jerry Wayne Bradford (father) were married, and *233 a child was born of that marriage in September 1980. The parties were divorced in April 1981. Thereafter, the parties reconciled and were divorced a second time in March 1983. Pursuant to an agreement reached by the parties, the mother was awarded custody of the parties’ minor child.
In January 1986 the parties’ divorce decree was modified when the parties filed a joint petition to modify custody and entered into an agreement that the father would have custody of the minor child, subject to the visitation rights of the mother.
In May 1993 the mother filed a petition to modify custody, and the father filed an answer. A hearing was held in February 1994. The trial court issued an order, dated June 15, 1994, wherein it stated the following:
“The court finds that the [mother] has [failed] to show a set of circumstances that evidence that it would be in the best interest of the minor child ... that his custody should be changed to his mother, and the court finds from the evidence that the child’s best interests would be served by his remaining in the custody of his father and, further, that any benefit to be derived by award of custody to the mother would not offset the disruptive effect caused by uprooting the child from his present environment. It is therefore,
“ORDERED that the [mother’s] petition for modification is due to be, and hereby is, denied.”
The mother appeals. The father has not favored this court with a brief on appeal.
The mother argues that the trial court committed reversible error when, in this case, it applied the standard regarding the issue of child custody modification set forth in Ex parte McLendon, 455 So.2d 863 (Ala.1984), rather than the standard set forth in Ex parte Terry, 494 So.2d 628 (Ala.1986).
The standard in Ex parte McLendon, 455 So.2d 863, can be summarized in the following manner: A non-custodial parent no longer has a prima facie right to custody to his or her minor child when (1) that parent has voluntarily relinquished custody of the minor child (whether to the other parent or to a non-parent) or (2) there is a prior decree which has removed custody from the parent and awarded custody to a non-parent. If that non-custodial parent desires to reclaim custody of his or her minor child, the parent must demonstrate that such a change in custody will materially promote the minor child’s welfare and best interests. Stated another way, that non-custodial parent must present evidence to demonstrate that the benefits from the change in custody will offset the disruptive effect caused by uprooting the minor child from his or her present environment.
The standard in Ex parte Terry, 494 So.2d 628, can be summarized in the following manner: A non-custodial parent is not deprived of his or her prima facie right to custody of a minor child—except as against the custodial parent—when (1) there has been no prior decree awarding custody to a non-parent or (2) the trial court’s decree, which awarded custody of the minor child to one parent, failed to find that the non-custodial parent was unfit.
In the present ease the mother voluntarily relinquished custody of the parties’ minor child to the father in 1986. When the trial court denied her petition to modify custody on the grounds that the mother failed to present “evidence that it would be in the best interest of the minor child ... [and] that any benefit to be derived by award of custody to the mother would not offset the disruptive effect caused by uprooting the child from his present environment,” the mother appealed on the grounds that the trial court used the wrong standard to determine whether custody should be modified in this case. The basis for the mother’s argument is her claim that the evidence presented at the hearing demonstrates that the paternal grandparents, not the father, have custody of the parties’ minor child.
Our review of the evidence reveals the following: Since 1986, the minor child has primarily resided at the home of his paternal grandparents. The father has lived in the paternal grandparents’ home with the minor child, but there have also been periods when the father was absent from the paternal grandparents’ home while the child was residing there.
The record reveals that the father and minor child lived with the paternal grandpar *234 ents from 1986 until the father married his second wife in 1989. The minor child lived primarily with the father and his second wife during their eight-month marriage.
After the father’s divorce from his second-wife, the father and the minor child resumed living with the paternal grandparents, where both resided until the father married his third wife in February 1993. Since his marriage, the father has divided his time between staying with the minor child at the paternal grandparents’ home and staying in Muscle Shoals with his wife. The record reveals that because the father did not wish to disrupt the child’s life by changing school districts, he maintained the above-described living arrangements until the father and his wife could locate a house in the school district where the minor child presently attends classes.
A few days before the hearing in this case, the father was successful in locating a home in the school district where the minor child presently attends classes, and the minor child was living with the father and his wife at the time of this hearing.
Based upon the foregoing, we cannot say that, as a matter of law, the father had relinquished custody of the minor child to the paternal grandparents. Consequently, viewing the record with the attendant presumptions accorded the trial court’s actions, we find that the evidence in this case demonstrates that the custody dispute was between the custodial father and the non-custodial mother. Therefore, we cannot find that the trial court applied the wrong standard in this case.
This ease is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
All the Judges concur.